IN THE MATTER OF THE ESTATE OF
JULIA JEANNETTE BROWN, DECEASED.

Hudson County Court
Probate Division

March 22, 1978.

*Mr. Robert M. Kealy* for plaintiff (*Mr. Louis E. Saunders*, attorney).

GILMORE, J. J. D. R. C. (temporarily assigned). Somewhere it is written that life is a stage. The present testamentary litigation comes before the court in the costume of two executrices and an executor (hereinafter the executors) seeking instructions. Beneath such attire, is a contract for the sale of realty. Standing in the wings is a title company waiting to put its *imprimatur* on a title insurance policy. In essence this is a non-adversary proceeding.

The perplexities arise from the language employed by Julia Jeannette Brown in her last will and testament. She was benevolent of heart, though frugal of words. A repetition of the fifth paragraph of her writing is all that is necessary. To conserve energy only the names of a few of the more than 25 beneficiaries are set forth,

FIFTH: I give, bequeath and devise all the rest, residue and remainder of my Estate consisting of all of my property, real, personal and mixed of whatsoever kind and wheresoever situated and all of my remaining worldly goods and including real estate owned by me commonly known and designated by Street Number as 547 Mercer St., Jersey City, New Jersey, County of Hudson, which shall be sold, to my friends who have aided me and assisted me during my lifetime and during periods of stress and strain for their thoughtfulness and kindness to wit: Mrs. Lute Mann, 10 Bostwick Avenue, Jersey City, New Jersey, Mrs. Althea Twitty, 442 Bergen Avenue, Jersey City, New Jersey, Mr. & Mrs. Haywood Jones (Dorothy), 45 E. 135th St., New York, New York, * * * Mr. Brian McGrevy, 544 Mercer Street, Jersey City, New Jersey, * * * Mrs. Pauline Jones, 219 West 138th Street, New York, New York, * * * Mr. James & Ada Jones, 219 West 138th Street, New York, New York, * * * Mr. & Mrs. Henry Norford (Ruby), 542 Mercer Street, Jersey City, New Jersey * * *.

Two questions are posed: (1) Do the executors possess the power to sell and convey the realty? (2) Do Mr. and Mrs. Haywood Jones receive one or two distributive shares? The latter interrogatory is equally applicable to Mr. James and Ada Jones and Mr. and Mrs. Henry Norford.

None of our modern official reports render any guidance. Our journey must go back further in time. In the will before the court there is a direction that the real estate shall be sold and the proceeds of the sale divided. The paragraph containing that instruction does not expressly state that this duty was to be performed by the fiduciaries. It is not trite to add that the clause appointing these persons is barren of any verbiage beyond that of their respective names. The present plight bears a strong resemblance to the situation depicted in *Weber v. Beales,* 140 *N. J. Eq.* 423 (E. & A. 1947), wherein it was held that

In the absence of an express devise, an executor named in the will which either expressly or impliedly directs real property to be sold, without expressly stating by whom such sale shall be made, by necessary implication has the power to sell and convey the real estate.

 The application of this doctrine will injure no one and will be consonant and compatible with the desire of testatrix. One should hasten to add that the fiduciaries obtained an order to show cause why this procedure should not be followed. Copies of the order were properly served on all beneficiaries or their legal representatives. Some appeared but did not dissent as to the sale.

The adverse positions generated by the second question operates to contrive a debatable issue of some novelty. If the same has occurred in our legal chronicles, it has escaped recordation.

 History would afford us a compass if the grant were simply real property. In a grant to a husband and wife, and a third person, the husband and wife take one-half and the third person takes the other half. *Littleton, Coke* and *Blackstone* assert that at common law this proposition was so because of the legal fiction of the unity of a husband and wife. *Cf. Mosser v. Dolsay,* 132 *N. J. Eq.* 121 (Ch. 1942). It would be hardly inappropriate to apply this to a devise.

Even if the property be considered personalty, the pragmatical result is the same. The court is mindful of the pro-

nouncement that a tenancy by the entirety cannot exist in personal property. *Fort Lee S. & L. Ass'n v. LiButti,* 55 *N. J.* 532 (1955). But an ardent stare at the grammatical geometrics of the will resist any other conclusion but that each share of the designated beneficiary is separated by a comma. Where the testatrix intended a family to have more than one share she did so. Note:

* * * Mr. Brian McGrevy, 544 Mercer Street, Jersey City, New Jersey, Mrs. Joan McGrevy, 544 Mercer Street, Jersey City, New Jersey, * '* *' Mrs. Pauline Jones, 219 West 138th Street, New York, New York, Mr. James & Ada Jones, 219 West 138th Street, New York, New York, * * *.

This is not the first time that punctuation has been considered in the interpretation of a will. *Weiss v. Rheinstein,* 50 *N. J. Super.* 308 (App. Div. 1958).

An appropriate judgment may be presented reflecting that the executors have the power of sale and that Mr. and Mrs. Haywood Jones (Dorothy) have a joint interest in a single share; that Mr. James and Ada Jones have a joint interest in a single share, and that Mr. and Mrs. Henry Norford (Ruby) have a joint interest in a single share.